IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMANDA M. NORMAN,                    :
                                     :     C.A. No. K14C-12-003 WLW
              Plaintiff,             :     Kent County
                                     :
                                     :
     v.                              :
                                     :
                                     :
ALL ABOUT WOMEN, P.A., a             :
Delaware corporation and            :
CHRISTINE W. MAYNARD, M.D.,  :
individually,                        :
                                     :
              Defendant.             :


Submitted: September 22, 2017
Decided: November 16, 2017

## ORDER

Upon Defendants' Motion *in Limine* to Exclude
the Expert Testimony of Jeffrey Soffer, M.D.
*Granted.*


William D. Fletcher, Jr., Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Plaintiff.

Lauren C. McConnell, Esquire of Wharton Levin Ehrmantraut & Klein, P.A., Wilmington, Delaware; attorney for Defendants.


WITHAM, R.J.

Before the Court is the Defendants', All About Women, P.A., and Christine W. Maynard, M.D., Motion *in Limine* to exclude the expert testimony of Jeffrey Soffer, M.D. The Defendants' Motion is hereby **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This is an action for alleged medical negligence involving a diagnostic laparoscopy, that Dr. Maynard performed on October 22, 2013, at Christiana Hospital. Plaintiff claims that Dr. Maynard perforated her bladder and then failed to recognize the injury before completing the procedure, necessitating a second exploratory surgery, unnecessary hospitalization and other damages.

On February 7, 2017, the Defendants filed five motions *in limine* seeking to: (1) exclude evidence, argument, and testimony of Defendants' write-off and payment of medical expenses; (2) limit the testimony of Kenneth Woo, M.D.; (3) exclude postoperative statements of apology; (4) exclude evidence related to pregnancy and unsupported injuries; and (5) exclude testimony of Jeffrey Soffer, M.D. on the standard of care.

On September 22, 2017, the Court held oral argument on the five motions. The Court issued a bench decision regarding the first four motions, but reserved decision regarding the exclusion of Dr. Soffer's testimony. This constitutes the Court's decision on that matter.

## DISCUSSION

The Defendants seek to exclude expert testimony by Dr. Jeffrey Soffer as lacking foundation because it is based "solely on the fact that an injury to Mrs.

Norman's bladder occurred." The Defendants argue that Dr. Soffer did not articulate what was required to comply with the standard of care or how Dr. Maynard's actions failed to comply with the standard of care. The Defendants contend that, under *Daubert,* Dr. Soffer was unable to "provide any explanation as to how he reached his standard of care opinions." In addition, the Defendants argue, "[a]ccepting Dr. Soffer's opinion would render every trocar or thermal injury in a diagnostic laparoscopy *per se* negligence, a conclusion unsupported by logic or statute."

Ms. Norman points to the liberal standard created in D.R.E. 702 and contends that the Defendants' motion *in limine* is duplicative of their summary-judgment motion.[1] Ms. Norman interprets Dr. Soffer's testimony as opining that "when a medical professional exercising [the] reasonable care and diligence" required under 18 *Del. C.* § 6801(7), "injury should not occur." Ms. Norman further argues that Dr. Soffer's testimony highlighted several specific deficiencies in Dr. Maynard's surgical procedure.

The admissibility of expert testimony is governed by D.R.E. 702, which provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has

---

[1] The Court's decision on summary judgment is pending its resolution of the motions *in limine.*

applied the principles and methods reliably to the facts of the case.

Delaware courts apply the analytical framework set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[2] Consistent with *Daubert*, the Court considers a five-step test to determine whether expert testimony is admissible at trial.[3] The Court must determine whether:

(1) the witness is qualified as an expert by knowledge, skill, experience, training or education;

(2) the evidence is relevant;

(3) the expert's opinion is based upon information reasonably relied upon by experts in that particular field;

(4) the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and

(5) the expert testimony will not create unfair prejudice or mislead the jury.[4]

The party seeking to introduce expert testimony bears the burden of establishing admissibility by a preponderance of the evidence.[5]

---

[2] *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521-22 (Del. 1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)).

[3] *Bowen v. E.I. DuPont de Nemours & Co.*, 906 A.2d 787, 795 (Del. 2006).

[4] *Smith v. Grief*, 2015 WL 128004, at *2 (Del. Jan. 8, 2015) (citing *Bowen*, 906 A.2d at 794); *Pallano v. The AES Corporation*, 2016 WL 750432, at *3 (Del. Super. Feb. 26, 2016).

[5] *Pavey v. Kalish*, 2010 WL 3294304, at *3 (Del. Aug. 23, 2010)(TABLE); *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 584 (Del. 2007).

The decision to admit expert testimony is not a conclusion that the expert's opinion is correct. Rather, the trial judge's role as gatekeeper[6] is limited to determining "whether the proponent of the evidence has demonstrated that scientific conclusions have been generated using sound and reliable approaches."[7] Morever, D.R.E. 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact."

In this case, Ms. Norman has failed to meet her burden because no evidence has been presented that Dr. Soffer's opinion is "based on information reasonably relied upon by experts" in his field. In fact, Dr. Soffer testified that he did not rely on any medical literature or peer reviewed publications in reaching his conclusion that Dr. Maynard violated the standard of care. Rather, Dr. Soffer's sole supporting contention is that, based on his own knowledge, the type of injury Ms. Norman suffered does not ordinarily occur in the absence of negligence. This contention in no way alludes to whether his analysis of the facts in this case is consistent with other experts in his field. Therefore, the Court must exclude Dr. Soffer's testimony, pursuant to the Court's five-part test set forth in *Smith v. Grief.*[8]

---

[6] *Pavey*, 2010 WL 3294304, at *3; *Sturgis*, 942 A.2d at 583.

[7] *State v. McMullen*, 900 A.2d 103, 114 (Del. Super. 2006) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)).

[8] *Smith v. Grief*, 2015 WL 128004 at *2 (citations omitted).

## CONCLUSION

In sum, the Defendants' Motion *In Limine* to exclude Dr. Soffer's testimony is **GRANTED**. In addition, the Court acknowledges that the Defendants' arguments in their Motion *In Limine* overlap with the arguments in the Defendants' Motion for Summary Judgment. Therefore, the Court requests that the Defendants inform the Court if the Defendants now intend to withdraw their Motion for Summary Judgment, or if the Court should resolve that motion as well.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

6